IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL CABLE CORPORATION<br>4 Tesseneer Drive<br>Highland Heights, Kentucky  41076<br><br>      *Plaintiff*,<br><br>v.<br><br>INSURANCE COMPANY OF NORTH<br>AMERICA, individually and as<br>successor-in-interest to INDEMNITY<br>INSURANCE COMPANY OF<br>NORTH AMERICA<br>436 Walnut Street<br>Philadelphia, Pennsylvania  19106<br><br>and<br><br>TRAVELERS CASUALTY AND<br>SURETY COMPANY, individually<br>and as successor-in-interest to<br>THE AETNA CASUALTY AND<br>SURETY COMPANY<br>One Tower Square<br>Hartford, Connecticut  06183<br><br>      *Defendants*. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

   Plaintiff General Cable Corporation  (a Delaware corporation), as successor in interest to GK Technologies, Incorporated (formerly known as General Cable Corporation) (hereinafter, collectively referred to as "General Cable" or "Plaintiff"), on behalf of itself, its predecessors, subsidiaries and successors, and having a principal place of business in Highland Heights, Kentucky, for its complaint, upon knowledge as to its own acts and upon information and belief as to the acts and omissions of others, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment and breach of contract in connection with the liability insurance policies described and depicted herein (the "Policies" or the "Insurance Policies"). By this action, Plaintiff seeks a declaration to establish its rights under certain primary, umbrella and excess general liability insurance policies covering Plaintiff that were issued by Defendants INA and Travelers (as those terms are defined herein and with INA and Travelers being collectively referred to as "Defendants") for liability arising out of (i) claims, suits, actions and demands that have been, and in the future may be, asserted against Plaintiff in this Court, the courts of the Commonwealth of Pennsylvania, and elsewhere, alleging bodily injury and/or personal injury due to alleged exposure to asbestos and/or asbestos-containing products allegedly manufactured, supplied or distributed by Plaintiff (the "Asbestos Suits"), (ii) a pending third-party complaint filed against General Cable seeking contribution for property damage allegedly by, arising out of or otherwise related to Plaintiff's former operations of a wire and cable facility (the "*Occidental Action*"); and (iii) a pending action seeking damages arising from alleged property damage due to the alleged presence of substances of concern allegedly caused by, arising out of or otherwise related to the operations of Carol Cable Company, Inc., formerly known as The Crescent Company, Inc. and Carol Wire & Cable Corporation ("Carol Cable"), as to which General Cable Industries, Inc., a wholly-owned subsidiary of General Cable, has been alleged to be a successor-in-interest (the "*KIK Action*"). The claimants' alleged injury generally is asserted to have taken place during the Defendants' policy periods.

2.  Under legal compulsion, Plaintiff has paid and incurred, and will continue to pay and incur, expenses in defending against, investigating, and/or paying damages in connection with the Asbestos Suits and the *Occidental* and *KIK Action*s. Plaintiff contends that these expenses are covered in full by the Defendants' respective Policies.

3.  Furthermore, the Defendants owe present and immediate insuring obligations to Plaintiff under primary policies at issue in this action as a result of, and in payment for, losses paid and payable as a direct and natural consequence of the Asbestos Suits and *Occidental* and *KIK Action*s.

4.  The Insurance Policies involved in this action, described and depicted herein consist of primary comprehensive general liability insurance and umbrella and excess liability insurance for the policy periods as detailed below. The Policies cover Plaintiff's operations, as alleged in this complaint, in a program of contractual protection designed to provide coverage for all liability claims and losses experienced by Plaintiff, however caused and wherever located or incurred, during the affected policy periods.

5.  The terms and conditions and contents of the Insurance Policies are described herein, and are hereby incorporated and made part of this complaint. The Insurance Policies consist of multiple-page contracts composed of printed or typed forms. The Insurance Policies must be construed as a whole and no policy term or condition may be viewed in isolation. Further, each contract must be construed in order to achieve its purpose, which was to provide comprehensive insurance protection to the insureds named thereunder. Any ambiguity in the Insurance Policies must be construed in favor of coverage, and any reasonable interpretation by the insureds or any individual insured must be adopted. In this case, the Insurance Policies were issued as follows:

(i)  Certain Insurance Policies were issued covering liabilities arising from the ownership and operations of the former General Cable Corporation (later renamed GK Technologies, Incorporated ) (as defined herein, the "General Cable Policies"); and

(ii)  Certain Insurance Policies were issued covering liabilities arising from the ownership and operations of Carol Cable (as defined herein, the "Carol Cable Policies").

## THE PARTIES

6.  Plaintiff General Cable is the successor in interest to GK Technologies, Incorporated, which until April 25, 1979 was known as General Cable Corporation. On that date, the corporation formerly known as General Cable Corporation changed its corporate name to GK Technologies, Incorporated ("GK"). In 1981, GK was acquired by The Penn Central Corporation. On July 1, 1992, a new public company, General Cable Corporation (Plaintiff), was organized under the laws of the state of Delaware, and succeeded in interest to GK. General Cable currently has its principal place of business in Highland Heights, Kentucky. At all times pertinent, General Cable was licensed to do, and was doing business in the Commonwealth of Pennsylvania, primarily the manufacture, supply and distribution of cable and wire products.

7.  Defendant Insurance Company of North America ("INA") is an insurance company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. At all times pertinent, INA was licensed to do, and was doing business in the Commonwealth of Pennsylvania.

8.  Defendant Travelers Casualty and Surety Company ("Travelers") is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Connecticut. At all times pertinent, Travelers was licensed to do, and was doing

4

business in the Commonwealth of Pennsylvania.  Travelers is successor-in-interest to The Aetna Casualty and Surety Company.

## JURISDICTION AND VENUE

9. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.  To date, Plaintiff has not been reimbursed by the Defendants under the Insurance Policies for nearly $8 million in costs it has incurred investigating, defending and resolving the Asbestos Suits despite the millions of dollars of responsive insurance coverage.  Moreover, costs arising out of the *KIK* and *Occidental Action*s, for which Plaintiff also faces liability, currently total in the millions of dollars.  All such costs are continuing and increasing.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because (i) INA resides in this District and (ii) a substantial part of the events giving rise to the claims occurred here, including the commencement of certain of the Asbestos Suits, some of which allege injuries arising from acts or events within this Court's jurisdiction.  Venue also is proper in this District pursuant to 28 U.S.C. § 1391(c) as a result of Defendants being licensed to do business and doing business in the Commonwealth of Pennsylvania.

## THE LIABILITY SUITS

### A. *The Asbestos Suits.*

11. Claimants in the Asbestos Suits, including those pending in this Court and the Commonwealth of Pennsylvania (as reflected in the attached **Appendix I**) and elsewhere (the "Claimants"), seek money damages from Plaintiff for alleged damages because of bodily injury and/or personal injury due to alleged injurious exposure to asbestos and/or asbestos-containing products allegedly manufactured, supplied or distributed by Plaintiff.  Claimants assert various

causes of action, including without limitation, negligence, strict liability and failure to warn. To date, Plaintiff has paid substantial amounts to investigate, defend and/or resolve the Asbestos Suits which amounts should have been, but have not been, paid by Defendants under and pursuant to the Insurance Policies. These amounts are continuing and increasing.

### B.   *The Occidental Action.*

12.   A third-party complaint has been filed against Plaintiff in the *Occidental Action*, styled as *New Jersey Department of Environmental Protection v. Occidental Chemical Corp.*, (Docket No. L-9868-05) (Superior Court of New Jersey, Law Division, Essex County), for contribution of Plaintiff's alleged "equitable share" of costs incurred and to be incurred in the investigation and remediation of the Diamond Alkali Superfund Site on account of Plaintiff's former operation of a wire and cable facility which is alleged to have contributed to, among other property damage, the release of substances of concern into the groundwater. To date, Plaintiff has incurred in excess of $300,000 to defend and investigate the *Occidental Action*, all or most of which remain unreimbursed, and Plaintiff reasonably expects to incur additional liability in connection with the investigation, defense and resolution of the *Occidental Action*.

### C.   *The KIK Action.*

13.   The *KIK Action*, styled as *KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. v. A.T. Cross Company, et al.* (C.A. No. 01-511-L) (D.R.I.),[1] seeks declaratory relief and money damages from Plaintiff on account of the alleged activities of Carol Cable Company (which is alleged to be a predecessor-in-interest to Plaintiff's subsidiary General Cable Industries, Inc.) at the J.M. Mills Landfill, part of the Peterson/Puritan, Inc. Superfund Site in Cumberland and Lincoln, Rhode Island (the "Site"), alleged to have caused, among other

6

property damage, the release of substances of concern into the municipal groundwater. Claimants assert causes of action for strict, joint and several liability under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607, 9613, and common law equitable indemnity. To date, Plaintiff has incurred in excess of $300,000 in defense and investigatory expenses for the *KIK Action*, all or most of which remain unreimbursed, and Plaintiff reasonably expects to incur additional liability for the costs to investigate, defend against and resolve the *KIK Action*.

## PLAINTIFF'S INSURANCE CONTRACTS

14. INA issued at least the following known primary and umbrella/excess general liability insurance policies to GK (then known as General Cable Corporation), both of which are currently and immediately responsive to the Asbestos Suits for both defense and indemnity costs as those terms are commonly understood in the insurance business (the "General Cable Policies"):

| Policy Number | Policy Period |
|---|---|
| RPL 595 | 12/31/59-12/31/60 |
| XBC 1049 | 7/1/60-7/1/63 |

15. In addition, the General Cable Policies also cover the *Occidental Action*, and are currently and immediately responsive to the *Occidental Action* for both costs of defense and any indemnity as those terms are commonly understood in the insurance business.

16. INA also issued at least the following known umbrella/excess general liability insurance policies to Carol Cable that provide coverage to Plaintiff for liabilities incurred in connection with the *KIK Action*:

---

[1] The *KIK Action* has been consolidated with a lawsuit styled as *Unilever Bestfoods and KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. v. Tekno Apex Company, et al.* (C.A. No. 01-496 L) (D.R.I.) (the "*Bestfoods* Lawsuit"). General Cable, however, is not a named defendant in the *Bestfoods* Lawsuit.

7

| Policy Number | Policy Period |
|---|---|
| XBC 3780 | 4/23/63-1/1/65 |
| XBC 11050 | 1/1/65-1/1/66 |

17. Travelers issued at least the following known primary and umbrella/excess general liability insurance policies to Carol Cable that also provide coverage to Plaintiff for liabilities incurred in connection with the *KIK Action* (collectively with the INA policies identified in ¶16, the "Carol Cable Policies"):

| Policy Number | Policy Period |
|---|---|
| 43 AL 3067 | 1/1/61-1/1/64 |
| 43 AL 4834 | 3/1/63-3/1/64 |
| 43 AL 4839 | 3/1/63-3/1/64 |
| 43 AL 5109 | 1/1/64-1/1/65 |
| 43 AL 5988 | 1/1/65-1/1/66 |
| 43 AL 5989 | 1/1/65-1/1/66 |
| 43 AL 007193 | 1/1/66-1/1/67 |
| 43 C 22865 | 1/1/67-1/1/68 |
| 43 XS 8 SC | 1/1/66-1/1/68 |
| 43 AL 130637 | 1/1/67-1/1/68 |

18. The Policies generally provide insurance coverage for all sums, including "all sums" and/or "ultimate net loss," or similar language, that Plaintiff may become legally obligated to pay as damages because of, among other things, bodily injury, personal injury, property damage and other similar damage and/or injury. Such "sums" and "loss" include money paid to settle the Asbestos Suits, and the *Occidental* and *KIK Action*s.

19. Under certain of the Policies, including without limitation their primary insurance policies, Defendants also are obligated to investigate and defend these suits which obligation requires them to pay for the Plaintiff's defense or to reimbuse amounts paid by Plaintiff to defend the suits.

20. With respect to the umbrella and excess insurance policies, the damages that are sought by the liability claimants have exceeded, or may potentially exceed, the underlying limits

8

beneath these policies, thus requiring the policies to respond to these suits. Under the umbrella and excess insurance policies, Defendants also are required to cover all sums, costs and expenses arising out of or resulting from the Asbestos Suits and the *Occidental* and *KIK Actions* once their attachment points have been reached, regardless of whether or not an underlying policy has been "exhausted" or itself has been held liable to cover such sums, costs and expenses. Certain of the umbrella policies contain a supplemental duty to pay or reimburse defense costs, meaning sums in addition to the limits of liability stated in these umbrella policies.

21.     The allegations asserted against Plaintiff in the Asbestos Suits and the *Occidental* and *KIK Actions*, the damages sought in the underlying complaints, and the costs of investigation and defense of the Asbestos Suits and the *Occidental* and *KIK Actions* are covered by the Policies and do not come within any exception to or exclusion from coverage. Defendants, therefore, are obligated to pay in full Plaintiff's costs of defending these actions, and to pay for any damages Plaintiff may be required to pay because of legal liabilities incurred in these actions.

## CAUSES OF ACTION

### COUNT I

**(Declaratory Judgment for the Asbestos Suits Against INA)**

22.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 21 above as though fully set forth herein, and further alleges as follows:

23.     INA is obligated, under the General Cable Policies and applicable law, to investigate, defend, and either reimburse or indemnify Plaintiff completely from and against any liabilities Plaintiff have incurred or may incur in the Asbestos Suits, whether past, pending or

filed in the future, irrespective of the existence of other insurance, whenever bodily and/or personal injury (including exposure) is alleged to have taken place, in whole or in part, during any time in which the General Cable Policies were in effect and/or where the claim is generalized as to periods of exposure and/or injury.

24. INA may not reduce its 100% joint and several insuring obligation by seeking to recover any portion of such costs from Plaintiff.

25. Once triggered – as the General Cable Policies are – Plaintiff may select any policy or policies, and/or policy year or years for payment of to which to allocate defense and/or indemnity costs arising from or in connection with the Asbestos Suits. *See J.H. France Refractories Co. v. Allstate Ins. Co.*, 534 Pa. 29, 626 A.2d 502 (1993).

26. INA disputes, or on information and belief will dispute, the relief that Plaintiff asserts with respect to the Asbestos Suits is available under the General Cable Policies. Consequently, an actual and justiciable controversy exists between Plaintiff and INA concerning INA's obligations under the General Cable Policies with respect to the Asbestos Suits.

27. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Plaintiff may ascertain its rights under the General Cable Policies with respect to the Asbestos Suits.

28. A judicial declaration of Plaintiff's rights under the General Cable Policies will obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Plaintiff and INA concerning their respective rights and obligations under the General Cable Policies with respect to the Asbestos Suits.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

    a.    Enter a declaration and order pursuant to 28 U.S.C. § 2201 to the effect that:

        i.    INA is obligated pursuant to the terms of the General Cable Policies to defend and indemnify Plaintiff, and to pay all costs and expenses in full – including, without limitation, the costs of investigation, defense, settlement and judgment – arising from, or in connection with, past, pending and future Asbestos Suits;

        ii.    Plaintiff may select the policy or policies, and the policy year or policy years, for payment of defense and/or indemnity costs arising from or in connection with the Asbestos Suits;

        iii.    a "continuous injury" trigger of coverage applies to the Asbestos Suits;

        iv.    the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked whenever there is any evidence of coverage, even if the policy instruments are incomplete, lost or missing;

        v.    the Asbestos Suits all arise out of an "occurrence" as that term is used and applied in the General Cable Policies and as a custom and practice in the insurance industry at the time of policy issuance, and otherwise;

    b.    Award Plaintiff its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

    c.    Award Plaintiff pre-judgment and post-judgment interest; and

    d.    Award Plaintiff any other and further relief to which it is entitled.

## COUNT II

**(Declaratory Judgment for
the *Occidental Action* Against INA)**

29.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 28 above as though fully set forth herein, and further alleges as follows:

30. INA is obligated, under the General Cable Policies and applicable law, to investigate, defend, reimburse and indemnify Plaintiff completely from and against any liabilities it incures in connection with the *Occidental Action*.

31. INA disputes, or on information and belief will dispute, the relief that Plaintiff asserts is available under the General Cable Policies. Consequently, an actual and justiciable controversy exists between Plaintiff and INA concerning INA's respective obligations under the General Cable Policies with respect to the *Occidental Action*.

32. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Plaintiff may ascertain its rights under the General Cable Policies with respect to the *Occidental Action*.

33. A judicial declaration of Plaintiff's rights under the General Cable Policies will obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Plaintiff and INA concerning their respective rights and obligations under the General Cable Policies with respect to the *Occidental Action*.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

    a.    Enter a declaration and order pursuant to 28 U.S.C. § 2201 to the effect that:

        i.    INA is obligated pursuant to the terms of the General Cable Policies to defend and indemnify Plaintiff, and to pay all costs and expenses in full – including, without limitation, the costs of investigation, defense, settlement and judgment – arising from, or in connection with the *Occidental Action*;

        ii.    Plaintiff may select the policy or policies, and the policy year or policy years, for payment of defense and/or indemnity costs arising from or in connection with the *Occidental Action*;

    iii.    a "continuous injury" trigger of coverage applies to the *Occidental Action*;

    iv.    the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked whenever there is any evidence of coverage, even if the policy instruments are incomplete, lost or missing;

    v.    costs incurred in connection with remedial investigation and feasibility studies ("RI/FS"), as well as other investigation costs, constitute covered defense expenses rather than indemnity costs;

    vi.    the *Occidental Action* arises out of an "occurrence" as that term is used and applied in the General Cable Policies and as a custom and practice in the insurance industry at the time of policy issuance, and otherwise;

    b.    Award Plaintiff its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

    c.    Award Plaintiff pre-judgment and post-judgment interest; and

    d.    Award Plaintiff any other and further relief to which it is entitled.

## **COUNT III**

### **(Breach of Contract for the *Occidental Action* Against INA)**

34.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 33 above as though fully set forth herein, and further alleges as follows:

35.    Plaintiff has tendered to INA the defense of the *Occidental Action* pursuant to the terms of the General Cable Policies (*see* ¶ 15, *supra*) and applicable law.

36.    INA, without basis in law or fact, has failed and refused fully to investigate or defend Plaintiff from and against the *Occidental Action*.

37.    By its failure and refusal fully to investigate or defend, INA has breached its insurance contracts with Plaintiff, thereby directly causing damage to Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff money damages in an amount to be proven at trial, including all incidental, consequential and statutory damages proximately resulting from INA's breaches of contract, and all other appropriate relief, including Plaintiff's attorneys' fees in bringing and pursuing this action, pre-judgment and post-judgment interest and any other further relief to which it is entitled.

## COUNT IV

**(Declaratory Judgment for
the *KIK Action* Against Travelers and INA
Under the Carol Cable Policies )**

38. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 37 above as though fully set forth herein, and further alleges as follows:

39. Defendants are obligated, under the Carol Cable Policies and applicable law, jointly and severally, to investigate, defend, reimburse and indemnify Plaintiff completely from and against the *KIK Action*.

40. Defendants dispute, or on information and belief will dispute, the relief that Plaintiff asserts is available under the Carol Cable Policies. Consequently, an actual and justiciable controversy exists between Plaintiff and Defendants concerning these Defendants' respective obligations under the Carol Cable Policies.

41. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Plaintiff may ascertain its rights under the Carol Cable Policies.

42. A judicial declaration of Plaintiff's rights under the Carol Cable Policies will obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the

actual and justiciable controversy between Plaintiff and Defendants concerning their respective rights and obligations under the Carol Cable Policies.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

    a.    Enter a declaration and order pursuant to 28 U.S.C. § 2201 to the effect that:

        i.    Defendants Travelers and INA are obligated pursuant to the terms of the Carol Cable Policies to defend and indemnify Plaintiff, and to pay all costs and expenses in full – including, without limitation, the costs of investigation, defense, settlement and judgment – arising from, or in connection with the *KIK Action*;

        ii.    Plaintiff may select the policy or policies, and the policy year or policy years, for payment of defense and/or indemnity costs arising from or in connection with the *KIK Action*;

        iii.    a "continuous injury" trigger of coverage applies to the *KIK Action*;

        iv.    the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked whenever there is any evidence of coverage, even if the policy instruments are incomplete, lost or missing;

        v.    costs incurred in connection with remedial investigation and feasibility studies ("RI/FS"), as well as other investigation costs, constitute covered defense expenses rather than indemnity costs; and

        vi.    the *KIK Action* arises out of an "occurrence" as that term is used and applied in the Carol Cable Policies and as a custom and practice in the insurance industry at the time of policy issuance, and otherwise.

    b.    Award Plaintiff its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

    c.    Award Plaintiff pre-judgment and post-judgment interest; and

    d.    Award Plaintiff any other and further relief to which it is entitled.

## COUNT V

**(Breach of Contract for the *KIK Action* Against Travelers)**

43. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 42 above as though fully set forth herein, and further alleges as follows:

44. Plaintiff has tendered to Travelers the defense of the *KIK Action* pursuant to the terms of the Travelers Policies (*see* ¶ 17, *supra*) and applicable law.

45. Travelers without basis in law or fact has failed and refused to fully investigate or defend Plaintiff from and against the *KIK Action*.

46. By its failure and refusal fully to investigate or defend, Travelers has breached its insurance contracts with Plaintiff, thereby directly causing damage to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Court award Plaintiff money damages in an amount to be proven at trial, including all incidental, consequential and statutory damages proximately resulting from Travelers' breaches of contract, and all other appropriate relief, including Plaintiff's attorneys' fees in bringing and pursuing this action, pre-judgment and post-judgment interest and any other further relief to which it is entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                     Respectfully submitted,

                                     GENERAL CABLE CORPORATION
                                     By its Attorneys,


                                     _____/s/ Paul A. Zevnik_____
                                   Paul A. Zevnik (PA ID No. 43453)
                                   Morgan, Lewis & Bockius LLP
                                   1111 Pennsylvania Avenue, NW
                                   Washington, DC   20004
                                   Tel:     202.739.3000
                                   Fax:    202.739.3001
                                   pzevnik@morganlewis.com

                                   Richard F. McMenamin (PA ID No. 26209)
                                   Bethany N. Wong (PA ID No. 209287)
                                   Morgan, Lewis & Bockius LLP
                                   1701 Market Street
                                   Philadelphia, Pennsylvania  19103
                                   Tel:    215.963.5000
                                   Fax:   215.963.5001
                                   rmcmenamin@morganlewis.com
                                   bwong@morganlewis.com

                                   OF COUNSEL:
                                   Lisa M. Campisi
                                   Morgan, Lewis & Bockius LLP
                                   101 Park Avenue
                                   New York, New York  10178
                                   Tel:    212.309.6000
                                   Fax:   212.309.6001
                                   lcampisi@morganlewis.com


Dated:  April 30, 2010