IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GENERAL CABLE CORPORATION<br>4 Tesseneer Drive<br>Highland Heights, Kentucky 41076<br><br>     *Plaintiff,*<br><br>v.<br><br>INSURANCE COMPANY OF NORTH<br>AMERICA, individually and as<br>successor-in-interest to INDEMNITY<br>INSURANCE COMPANY OF<br>NORTH AMERICA<br>436 Walnut Street<br>Philadelphia, Pennsylvania 19106<br><br>and<br><br>TRAVELERS CASUALTY AND<br>SURETY COMPANY, individually<br>and as successor-in-interest to<br>THE AETNA CASUALTY AND<br>SURETY COMPANY<br>One Tower Square<br>Hartford, Connecticut 06183<br><br>     *Defendants.* | CIVIL ACTION NO. 10-01958<br><br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff General Cable Corporation (a Delaware corporation), as successor in interest to GK Technologies, Incorporated (formerly known as General Cable Corporation) (hereinafter, collectively referred to as "General Cable" or "Plaintiff"), on behalf of itself, its predecessors, subsidiaries and successors, and having a principal place of business in Highland Heights, Kentucky, for its complaint, upon knowledge as to its own acts and upon information and belief as to the acts and omissions of others, alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment and breach of contract in connection with the liability insurance policies described and depicted herein (all of which are collectively referred to as the "Policies" or the "Insurance Policies").  By this action, Plaintiff seeks a declaration to establish its rights under certain primary, umbrella and excess general liability insurance policies covering Plaintiff that were issued by Defendants INA and Travelers (as those terms are defined herein and with INA and Travelers being collectively referred to as "Defendants") for liability arising out of (i) claims, suits, actions and demands that have been, and in the future may be, asserted against Plaintiff in this Court, the courts of the Commonwealth of Pennsylvania, and elsewhere, alleging bodily injury and/or personal injury due to alleged exposure to asbestos and/or asbestos-containing products allegedly manufactured, supplied or distributed by Plaintiff (the *"Asbestos Suits"*), (ii) a pending third-party complaint filed against General Cable seeking contribution for property damage allegedly caused by, arising out of or otherwise related to Plaintiff's former operations of a wire and cable facility (the "*Occidental Action*"); and (iii) a pending action seeking damages arising from alleged property damage due to the alleged presence of substances of concern allegedly caused by, arising out of or otherwise related to the operations of Carol Cable Company, Inc., formerly known as The Crescent Company, Inc. and Carol Wire & Cable Corporation ("Carol Cable"), as to which General Cable Industries, Inc., a wholly-owned subsidiary of General Cable, has been alleged to be a successor-in-interest (the "*KIK Action*").  The alleged bodily injury or property damage for which recovery is sought in the *Asbestos Suits,* the *Occidental Action* and the *KIK Action* are asserted to have taken place during the periods when the Policies were in effect.

2

2.     Under legal compulsion, Plaintiff has paid and incurred, and will continue to pay and incur, expenses in defending against, investigating, and/or paying damages in connection with the *Asbestos Suits,* the *Occidental Action* and the *KIK Action*.  Plaintiff contends that these expenses are covered in full by the Defendants' respective Policies.

3.     Furthermore, the Defendants owe present and immediate insuring obligations to Plaintiff under primary policies at issue in this action as a result of, and in payment for, losses paid and payable as a direct and natural consequence of the *Asbestos Suits*, the *Occidental Action* and the *KIK Action*.

4.     The Insurance Policies involved in this action, described and depicted herein, consist of primary comprehensive general liability insurance and umbrella and excess liability insurance for the policy periods as detailed below.  The Policies cover Plaintiff's operations, as alleged in this complaint, in a program of contractual protection designed to provide coverage for all liability claims and losses experienced by Plaintiff, however caused and wherever located or incurred, during the affected policy periods.

5.     The terms and conditions and contents of the Insurance Policies are described herein, and are hereby incorporated and made part of this complaint.  The Insurance Policies consist of multiple-page contracts composed of printed or typed forms.  The Insurance Policies must be construed as a whole and no policy term or condition may be viewed in isolation. Further, each contract must be construed in order to achieve its purpose, which was to provide comprehensive insurance protection to the insureds named thereunder.  Any ambiguity in the Insurance Policies must be construed in favor of coverage, and any reasonable interpretation by the insureds or any individual insured must be adopted.  In this case, the Insurance Policies were issued as follows:

(i)     Certain Insurance Policies were issued covering liabilities arising from the ownership and operations of the former General Cable Corporation (later renamed GK Technologies, Incorporated ) (as defined herein, the "General Cable Policies"); and

(ii)    Certain Insurance Policies were issued covering liabilities arising from the ownership and operations of Carol Cable (as defined herein, the "Carol Cable Policies").

## THE PARTIES

6.      Plaintiff General Cable is the successor in interest to GK Technologies, Incorporated, which until April 25, 1979 was known as General Cable Corporation. On that date, the corporation formerly known as General Cable Corporation changed its corporate name to GK Technologies, Incorporated ("GK"). In 1981, GK was acquired by The Penn Central Corporation. On July 1, 1992, a new public company, General Cable Corporation (Plaintiff), was organized under the laws of the state of Delaware, and succeeded in interest to GK. General Cable currently has its principal place of business in Highland Heights, Kentucky. At all times pertinent, General Cable was licensed to do, and was doing, business in the Commonwealth of Pennsylvania, primarily the manufacture, supply and distribution of cable and wire products.

7.      Defendant Insurance Company of North America ("INA") is an insurance company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. At all times pertinent, INA was licensed to do, and was doing, business in the Commonwealth of Pennsylvania. Upon information and belief, INA is the successor in interest to the Indemnity Insurance Company of North America.

8.      Defendant Travelers Casualty and Surety Company ("Travelers") is an insurance company organized under the laws of the State of Connecticut, with its principal place of

4

business in Connecticut. At all times pertinent, Travelers was licensed to do, and was doing, business in the Commonwealth of Pennsylvania. Travelers is successor-in-interest to The Aetna Casualty and Surety Company.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. To date, Plaintiff has not been reimbursed by the Defendants under the Insurance Policies for nearly $8 million in costs it has incurred investigating, defending and resolving the *Asbestos Suits* despite the millions of dollars of responsive insurance coverage. Moreover, past and future costs arising out of the *KIK Action* and the *Occidental Action*, for which Plaintiff also faces liability, currently total in the millions of dollars. All such costs are continuing and increasing.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because (i) INA resides in this District and (ii) a substantial part of the events giving rise to the claims occurred here, including the commencement of certain of the *Asbestos Suits*, some of which allege injuries arising from acts or events within this Court's jurisdiction. Venue also is proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendants are licensed to do business and doing business in the Commonwealth of Pennsylvania.

## THE LIABILITY SUITS

### A.      *The Asbestos Suits.*

11.     Claimants in the *Asbestos Suits*, including those pending in this Court and the Commonwealth of Pennsylvania (as reflected in the attached **Appendix I**) and elsewhere (the "Claimants"), seek money damages from Plaintiff for alleged damages because of bodily injury

and/or personal injury due to alleged injurious exposure to asbestos and/or asbestos-containing products allegedly manufactured, supplied or distributed by Plaintiff. Claimants assert various causes of action, including without limitation, negligence, strict liability and failure to warn. To date, Plaintiff has paid substantial amounts to investigate, defend and/or resolve the *Asbestos Suits* which amounts should have been, but have not been, paid by Defendants under and pursuant to the Insurance Policies. These amounts are continuing and increasing.

### B. *The Occidental Action.*

12.     A third-party complaint has been filed against Plaintiff in the *Occidental Action*, styled as *New Jersey Department of Environmental Protection v. Occidental Chemical Corp.*, (Docket No. L-9868-05) (Superior Court of New Jersey, Law Division, Essex County), for contribution of Plaintiff's alleged "equitable share" of costs incurred and to be incurred in the investigation and remediation of the Diamond Alkali Superfund Site on account of Plaintiff's former operation of a wire and cable facility which is alleged to have contributed to, among other property damage, the release of substances of concern into the groundwater. To date, Plaintiff has incurred in excess of $300,000 to defend and investigate the *Occidental Action*, all or most of which remain unreimbursed, and Plaintiff reasonably expects to incur additional liability in connection with the investigation, defense and resolution of that action.

### C. *The KIK Action.*

13.     The *KIK Action*, styled as *KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. v. A.T. Cross Company, et al.* (C.A. No. 01-511-L) (D.R.I.),[1] seeks declaratory relief and money damages from Plaintiff on account of the alleged activities of Carol Cable Company (which is alleged to be a predecessor-in-interest to Plaintiff's subsidiary General

Cable Industries, Inc.) at the J.M. Mills Landfill, part of the Peterson/Puritan, Inc. Superfund Site

in Cumberland and Lincoln, Rhode Island (the "Site"), alleged to have caused, among other

property damage, the release of substances of concern into the municipal groundwater.

Claimants assert causes of action for strict, joint and several liability under the Comprehensive

Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607,

9613, and common law equitable indemnity.  To date, Plaintiff has incurred in excess of

$300,000 in defense and investigatory expenses for the *KIK Action*, all or most of which remain

unreimbursed, and Plaintiff reasonably expects to incur additional liability for the costs to

investigate, defend against and resolve the *KIK Action*.

### THE INSURANCE POLICIES ISSUED BY DEFENDANTS

14.     INA issued at least the following known primary and umbrella/excess general

liability insurance policies to GK (then known as General Cable Corporation), both of which are

currently and immediately responsive to the *Asbestos Suits* for both defense and indemnity costs

as those terms are commonly understood in the insurance business (the "General Cable

Policies"):

| Policy Number | Policy Period |
|---------------|---------------|
| RPL 595 | 12/31/59-12/31/60 |
| XBC 1049 | 7/1/60-7/1/63 |

15.     In addition, the General Cable Policies also cover the *Occidental Action*, and are

currently and immediately responsive to the *Occidental Action* for both costs of defense and any

indemnity as those terms are commonly understood in the insurance business.

16.     Nonetheless, INA has failed and refused to acknowledge the existence of, and its

coverage obligations arising under, its primary policy bearing policy number RPL 595 for the

---

1     The *KIK Action* has been consolidated with a lawsuit styled as *Unilever Bestfoods and KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. v. Tekno Apex Company, et al.* (C.A. No. 01-496 L) (D.R.I.) (the

period December 31, 1959 to December 31, 1960, stating instead that it has been "unsuccessful" in its alleged attempts to "locate policy documents for primary policy RPL 595 (12/31/59-12/31/60)."

17.     INA has, however, acknowledged excess policy XBC 1049 (7/1/60-7/1/63), which lists, in Appendix A, the Schedule of Underlying Policies, INA policy RPL 595 (12/31/59-12/31/60).

18.     Despite having acknowledged in its excess policy its issuance of INA policy RPL 595 as the primary level policy underlying the INA excess policy, INA has repeatedly asserted that "alleged policy" RPL 595 is missing or lost and that it therefore owes no coverage obligations to General Cable under that policy.

19.     INA also issued at least the following known umbrella/excess general liability insurance policies to Carol Cable that provide coverage to Plaintiff for liabilities incurred in connection with the *KIK Action*:

| Policy Number | Policy Period |
|---------------|---------------|
| XBC 3780 | 4/23/63-1/1/65 |
| XBC 11050 | 1/1/65-1/1/66 |

20.     Travelers issued at least the following known primary and umbrella/excess general liability insurance policies to Carol Cable that also provide coverage to Plaintiff for liabilities incurred in connection with the *KIK Action* (collectively with the INA policies identified in ¶19, the "Carol Cable Policies"):

| Policy Number | Policy Period |
|---------------|---------------|
| 43 AL 3067 | 1/1/61-1/1/64 |
| 43 AL 4834 | 3/1/63-3/1/64 |
| 43 AL 4839 | 3/1/63-3/1/64 |
| 43 AL 5109 | 1/1/64-1/1/65 |
| 43 AL 5988 | 1/1/65-1/1/66 |

"*Bestfoods* Lawsuit"). General Cable, however, is not a named defendant in the *Bestfoods* Lawsuit.

| Policy Number | Policy Period |
|---------------|---------------|
| 43 AL 5989 | 1/1/65-1/1/66 |
| 43 AL 007193 | 1/1/66-1/1/67 |
| 43 C 22865 | 1/1/67-1/1/68 |
| 43 XS 8 SC | 1/1/66-1/1/68 |
| 43 AL 130637 | 1/1/67-1/1/68 |

21.     The Policies generally provide insurance coverage for all sums, including "all sums" and/or "ultimate net loss," or similar language, that Plaintiff may become legally obligated to pay as damages because of, among other things, bodily injury, personal injury, property damage and other similar damage and/or injury. Such "sums" and "loss" include money paid to settle the *Asbestos Suits*, and the *Occidental* and *KIK Action*s.

22.     Under certain of the Policies, including without limitation their primary insurance policies, Defendants also are obligated to investigate and defend the *Asbestos Suits*, and the *Occidental* and *KIK Action*s, which obligation requires them to pay for the Plaintiff's defense or to reimburse amounts paid by Plaintiff to defend the suits.

23.     With respect to Policies that are umbrella and/or excess insurance policies, the damages that are sought by the liability claimants have exceeded, or may potentially exceed, the underlying limits beneath these policies, thus requiring the policies to respond to the. *Asbestos Suits*, and the *Occidental* and *KIK Action*s. Under these umbrella and/or excess insurance policies, Defendants also are required to cover all sums, costs and expenses arising out of or resulting from the *Asbestos Suits* and the *Occidental* and *KIK Actions* once their attachment points have been reached, regardless of whether or not an underlying policy has been "exhausted" or itself has been held liable to cover such sums, costs and expenses. Certain of the umbrella and/or excess insurance policies contain a supplemental duty to pay or reimburse defense costs, meaning sums in addition to the limits of liability stated in these policies.

24.     In contravention of their insuring obligations, Defendants have not paid amounts

that Plaintiff has been compelled to pay as damages in connection with the *Asbestos Suits*, and the *Occidental* and *KIK Action*s, as they are required to do under the terms and conditions of the Policies.

25. The allegations asserted against Plaintiff in the *Asbestos Suits* and the *Occidental* and *KIK Actions*, the damages sought in the underlying complaints, and the costs of investigation and defense of the *Asbestos Suits* and the *Occidental* and *KIK Actions* are covered by the Policies and do not come within any exception to or exclusion from coverage. Defendants, therefore, are obligated to pay in full Plaintiff's costs of defending these actions, and to pay for any damages Plaintiff may be required to pay because of legal liabilities incurred in these actions.

## **CAUSES OF ACTION**

### **COUNT I**

**(Declaratory Judgment for the *Asbestos Suits* Against INA)**

26. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 25 above as though fully set forth herein.

27. INA is obligated, under the General Cable Policies and applicable law, to investigate, defend, and either reimburse or indemnify Plaintiff completely from and against any liabilities Plaintiff has incurred or may incur in the *Asbestos Suits*, whether past, pending or filed in the future, irrespective of the existence of other insurance, whenever bodily and/or personal injury (including exposure) is alleged to have taken place, in whole or in part, during any time in which the General Cable Policies were in effect and/or where the claim is generalized as to periods of exposure and/or injury.

28. INA may not reduce its 100% joint and several insuring obligation by seeking to

recover any portion of such costs from Plaintiff.

29. Once triggered – as the General Cable Policies are – Plaintiff may select any policy or policies, and/or policy year or years for payment of to which to allocate defense and/or indemnity costs arising from or in connection with the *Asbestos Suits*. *See J.H. France Refractories Co. v. Allstate Ins. Co.*, 534 Pa. 29, 626 A.2d 502 (1993).

30. INA disputes, or on information and belief will dispute, that the relief Plaintiff seeks with respect to the *Asbestos Suits* is available under the General Cable Policies. Consequently, an actual and justiciable controversy exists between Plaintiff and INA concerning INA's obligations under the General Cable Policies with respect to the *Asbestos Suits*.

31. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Plaintiff may ascertain its rights under the General Cable Policies with respect to the *Asbestos Suits*.

32. A judicial declaration of Plaintiff's rights under the General Cable Policies will obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Plaintiff and INA concerning their respective rights and obligations under the General Cable Policies with respect to the *Asbestos Suits*.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a. Enter a declaration and order pursuant to 28 U.S.C. § 2201 to the effect that:

       i. INA is obligated pursuant to the terms of the General Cable Policies to defend and indemnify Plaintiff, and to pay all costs and expenses in full – including, without limitation, the costs of investigation, defense, settlement and judgment – arising from, or in connection with, past, pending and future *Asbestos Suits*;

ii.    Plaintiff may select the policy or policies, and the policy year or policy years, for payment of defense and/or indemnity costs arising from or in connection with the *Asbestos Suits*;

iii.   a "continuous injury" trigger of coverage applies to the *Asbestos Suits*;

iv.    the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked whenever there is any evidence of coverage, even if the policy instruments are incomplete, lost or missing;

v.     the *Asbestos Suits* all arise out of an "occurrence," as that term is used and applied in the General Cable Policies, and as a custom and practice in the insurance industry at the time of policy issuance, and otherwise;

b.     Award Plaintiff its costs and expenses, including but not limited to its attorneys' fees, incurred in bringing and pursuing this action;

c.     Award Plaintiff pre-judgment and post-judgment interest; and

d.     Award Plaintiff any other and further relief to which it is entitled.

## COUNT II

### (Breach of Contract for the *Asbestos Suits* Against INA)

33.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 32 above as though fully set forth herein.

34.    Plaintiff has tendered to INA the defense of the *Asbestos Suits* pursuant to the terms of the General Cable Policies and applicable law.

35.    INA, without basis in law or fact, has failed to fully investigate or defend Plaintiff without reservation from and against the *Asbestos Suits*.

36.    INA has materially breached or otherwise repudiated its contractual obligations set forth in the General Cable Policies in their entirety by indicating that it does not intend to honor its contractual obligations to Plaintiff without reservation and/or by failing to honor its

contractual obligations to Plaintiff. INA, *inter alia*, has indicated that it does not intend: (i) to indemnify Plaintiff; (ii) to reimburse fully Plaintiff for defense and investigation costs paid or incurred; and (iii) otherwise to acknowledge, accept and undertake fully, without reservation, its insuring obligations with respect to the *Asbestos Suits*.

**WHEREFORE**, Plaintiff respectfully prays that this Court award Plaintiff money damages in an amount to be proven at trial, including all incidental, consequential and statutory damages proximately resulting from INA's breaches of contract, and all other appropriate relief, including Plaintiff's attorneys' fees incurred in bringing and pursuing this action, pre-judgment and post-judgment interest and any other further relief to which it is entitled.

## COUNT III

### (Declaratory Judgment for
the *Occidental Action* Against INA)

37.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 36 above as though fully set forth herein.

38.     INA is obligated, under the General Cable Policies and applicable law, to investigate, defend, reimburse and indemnify Plaintiff completely from and against any liabilities it incurs in connection with the *Occidental Action*.

39.     INA disputes, or on information and belief will dispute, that the relief Plaintiff seeks is available under the General Cable Policies. Consequently, an actual and justiciable controversy exists between Plaintiff and INA concerning INA's respective obligations under the General Cable Policies with respect to the *Occidental Action*.

40.     A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Plaintiff may ascertain its rights under the General Cable

Policies with respect to the *Occidental Action*.

41. A judicial declaration of Plaintiff's rights under the General Cable Policies will obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Plaintiff and INA concerning their respective rights and obligations under the General Cable Policies with respect to the *Occidental Action*.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

    a.    Enter a declaration and order pursuant to 28 U.S.C. § 2201 to the effect that:

        i.    INA is obligated pursuant to the terms of the General Cable Policies to defend and indemnify Plaintiff, and to pay all costs and expenses in full – including, without limitation, the costs of investigation, defense, settlement and judgment – arising from, or in connection with, the *Occidental Action*;

        ii.    Plaintiff may select the policy or policies, and the policy year or policy years, for payment of defense and/or indemnity costs arising from, or in connection with, the *Occidental Action*;

        iii.    a "continuous injury" trigger of coverage applies to the *Occidental Action*;

        iv.    the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked whenever there is any evidence of coverage, even if the policy instruments are incomplete, lost or missing;

        v.    costs incurred in connection with remedial investigation and feasibility studies ("RI/FS"), as well as other investigation costs, constitute covered defense expenses rather than indemnity costs;

        vi.    the *Occidental Action* arises out of an "occurrence" as that term is used and applied in the General Cable Policies and as a custom and practice in the insurance industry at the time of policy issuance, and otherwise;

    b.    Award Plaintiff its costs and expenses, including but not limited to its attorneys' fees, incurred in bringing and pursuing this action;

c.      Award Plaintiff pre-judgment and post-judgment interest; and

d.      Award Plaintiff any other and further relief to which it is entitled.

## COUNT IV

### (Breach of Contract for
### the *Occidental Action* Against INA)

42.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 41 above as though fully set forth herein.

43.    Plaintiff has tendered to INA the defense of the *Occidental Action* pursuant to the terms of the General Cable Policies and applicable law.

44.    INA, without basis in law or fact, has failed and refused fully to investigate or defend Plaintiff from and against the *Occidental Action*.

45.    This failure and refusal constitutes a material breach of INA's duties and obligations under the General Cable Policies, thereby directly causing damage to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Court award Plaintiff money damages in an amount to be proven at trial, including all incidental, consequential and statutory damages proximately resulting from INA's breaches of contract, and all other appropriate relief, including Plaintiff's attorneys' fees incurred in bringing and pursuing this action, pre-judgment and post-judgment interest and any other further relief to which it is entitled.

## COUNT V

### (Declaratory Judgment for
### the *KIK Action* Against Travelers and INA
### Under the Carol Cable Policies )

46.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 45 above as though fully set forth herein.

47.    Defendants are obligated, under the respective Carol Cable Policies they each

issued and under applicable law, jointly and severally, to investigate, defend, reimburse and indemnify Plaintiff completely from and against the *KIK Action*.

48.     Defendants each dispute, or on information and belief will dispute that, the relief Plaintiff seeks is available under the Carol Cable Policies that each of them issued. Consequently, an actual and justiciable controversy exists between Plaintiff and Defendants concerning these Defendants' respective obligations under the respective Carol Cable Policies issued by each Defendant.

49.     A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Plaintiff may ascertain its rights under the Carol Cable Policies.

50.     A judicial declaration of Plaintiff's rights under the Carol Cable Policies will obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Plaintiff and Defendants concerning their respective rights and obligations under the Carol Cable Policies issued by each of them.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a.     Enter a declaration and order pursuant to 28 U.S.C. § 2201 to the effect that:

i.     Defendants Travelers and INA are obligated pursuant to the terms of the respective Carol Cable Policies they each issued to defend and indemnify Plaintiff, and to pay all costs and expenses in full – including, without limitation, the costs of investigation, defense, settlement and judgment – arising from, or in connection with, the *KIK Action*;

ii.     Plaintiff may select the policy or policies, and the policy year or policy years, for payment of defense and/or indemnity costs arising from or in connection with the *KIK Action*;

        iii.     a "continuous injury" trigger of coverage applies to the *KIK Action*;

        iv.     the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked whenever there is any evidence of coverage, even if the policy instruments are incomplete, lost or missing;

        v.     costs incurred in connection with remedial investigation and feasibility studies ("RI/FS"), as well as other investigation costs, constitute covered defense expenses rather than indemnity costs; and

        vi.     the *KIK Action* arises out of an "occurrence" as that term is used and applied in the Carol Cable Policies and as a custom and practice in the insurance industry at the time of policy issuance, and otherwise.

    b.     Award Plaintiff its costs and expenses, including but not limited to its attorneys' fees, incurred in bringing and pursuing this action;

    c.     Award Plaintiff pre-judgment and post-judgment interest; and

    d.     Award Plaintiff any other and further relief to which it is entitled.

## COUNT VI

### (Breach of Contract for the *KIK Action* Against Travelers)

51.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 50 above as though fully set forth herein.

52.    Plaintiff has tendered to and sought coverage from Travelers for defense and indemnity costs incurred on account of the *KIK Action* pursuant to the terms of the Carol Cable Policies issued by Travelers and applicable law.

53.    Travelers, without basis in law or fact, has failed and refused to fully and without reservation investigate, defend, reimburse and/or indemnify Plaintiff from and against the *KIK Action*.

54. This failure and refusal constitutes a material breach of Travelers' duties and obligations under the Carol Cable Policies, thereby directly causing damage to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Court award Plaintiff money damages in an amount to be proven at trial, including all incidental, consequential and statutory damages proximately resulting from Travelers' breaches of contract, and all other appropriate relief, including Plaintiff's attorneys' fees incurred in bringing and pursuing this action, pre-judgment and post-judgment interest and any other further relief to which it is entitled.

**COUNT VII**

**(Violation of 42 Pa. Const. Stat. Ann. § 8371; 40 Pa. Const. Stat. Ann. § 1171.5 and Ky. Rev. Stat. § 304.12-230 Against INA)**

55. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 54 above as though fully set forth herein.

56. The insurance policies sold or issued by INA obligate it to pay for Plaintiff's losses. INA, acting in violation of 42 Pa. Const. Stat. Ann. § 8371, 40 Pa. Const. Stat. Ann. § 1171.5 and/or Ky. Rev. Stat. § 304.12-230, has committed the following wrongful acts:

(a) Forcing Plaintiff to institute litigation to recover amounts due under the General Cable Policies and the Carol Cable Policies issued by INA;

(b) Failing to acknowledge the existence and material terms of the Policies issued by INA;

(c) Failing to investigate and locate the Policies issued by INA in its possession, custody or control;

(d) Failing to provide prompt, reasonable, or consistent explanations of coverage decisions;

(e)      Failing to conduct a prompt or reasonable investigation of the *Asbestos Suits*, the *KIK Action* or the *Occidental Action*;

(f)      Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear, despite reaching prompt, fair and equitable settlements with similarly situated insureds;

(g)      Failing and refusing to perform known insuring obligations;

(h)      Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; and

(i)      Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.

57.      By the inactions alleged herein, INA deliberately, systematically, and repeatedly violated 42 Pa. Const. Stat. Ann. § 8371, 40 Pa. Const. Stat. Ann. § 1171.5 and/or Ky. Rev. Stat. § 304.12-230, which prohibit unfair insurance trade and claims settlement practices. As of the date of the filing of this amended pleading, INA continues to violate these statutes.

58.      INA's conduct was and is knowing, willful, intentional, deliberate, frivolous, and, is without basis in law or fact, and has been and is undertaken solely to avoid making required payments to General Cable under the Policies issued by INA and to protect its own pecuniary interests at the expense of Plaintiff's interests, and in violation of Plaintiff's known rights under the Policies issued by INA.

59. In light of the foregoing, and otherwise, INA may not enforce or attempt to enforce against Plaintiff any purported contractual obligation, limitation or exclusion set forth in the Policies issued by INA or any contractual term or condition allegedly running in its favor.

60. As a direct and natural consequence of the above statutory violations, Plaintiff is entitled to money damages against INA in an amount to be proven at trial.

61. As a direct and natural consequence of the above statutory violations, Plaintiff is entitled to punitive or exemplary damages in an amount sufficient to deter future statutory violations by INA, and to their attorneys' fees, costs and interest and damages in an amount not less than treble the stated non-annualized limits of liability of the Policies issued by INA.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

GENERAL CABLE CORPORATION
By its Attorneys,


_____/s/ Paul A. Zevnik_____
Paul A. Zevnik (PA ID No. 43453)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC   20004
Tel:    202.739.3000
Fax:    202.739.3001
pzevnik@morganlewis.com

Richard F. McMenamin (PA ID No. 26209)
Bethany N. Wong (PA ID No. 209287)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania  19103
Tel:    215.963.5000
Fax:    215.963.5001
rmcmenamin@morganlewis.com
bwong@morganlewis.com

OF COUNSEL:
Lisa M. Campisi
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178
Tel:    212.309.6000
Fax:    212.309.6001
lcampisi@morganlewis.com


Dated:  August 12, 2010

## CERTIFICATE OF SERVICE

I, Bethany N. Wong, hereby certify that I have served a true and correct copy of the

above Amended Complaint was on the following via federal express:

Lawrence A. Serlin, Esq.
Siegal & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
lawrence.serlin@mclolaw.com
*Attorney for Defendant Insurance Company of North America*

Samuel J. Arena, Jr., Esq.
Craig R. Blackman, Esq.
Stradley Ronan Stevens & Young LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
*Attorneys for Travelers Casualty and Surety Company*

Dated: August 12, 2010

Bethany N. Wong